10526

STATE v. CHARLESTON BRIDGE COMPANY.

(105 S. E. 349.)

CRIMINAL LAW—SENTENCE NOT INTERFERED WITH, WHERE DISCRETION NOT ABUSED.—The Supreme Court will not interfere with a Circuit Court sentence made under Cr. Code 1912, section 105, upon a conviction under section 618, which provides no punishment, where it is not made to appear that the fine is such as to shock the conscience of the Court, or virtually amounts to confiscation of the defendant's property, and where discretion was not abused.

Before GARY, J., Charleston, February term, 1920. Affirmed.

The Charleston Bridge Company was convicted for not keeping its bridge in proper condition, and appealed from such sentence. (113 S. C. 116.) The case was remanded to the Circuit Court for the resentence of the defendant. From such resentence the defendant appeals.

*Mr. H. L. Erckmann,* for appellant, cites: *Affidavit of treasurer of Charleston Bridge Company should have been considered as a guide in determining the punishment to be imposed:* 16 Corp. Jur. 1297; 2 Day 62. *Fine should be "according to common usage and practice in this State:"* Criminal Code 1912, section 105. *Instances of usage and practice:* Criminal Code 1912, sec. 598; sec. 615; sec. 645; 1 Civ. Code 1912, sec. 3232. *Offense was at best a nuisance:* 3 Hill 393; 39 S. C. 24; 2 Strob. 17. *Nuisance having been removed Court may well dispense with the punishment:* 90 S. C. 288.

*Messrs. T. P. Stoney, Solicitor,* and *Smythe & Visanska,* for respondent, cite: *This Court did not declare the former fine excessive:* 113 S. C. 116. *But held that sentence was improperly imposed under sec. 618, Crim. Code 1912; and the new sentence should be imposed in accordance with the usage and practice in this State.*

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from sentence imposed by his Honor, Judge Gary. The defendant was tried and convicted before his Honor, Judge Memminger, under section 618, Criminal Code 1912, and sentenced by Judge Memminger to pay a fine of $10,000, one-half to the informer and the other half to go to the Bridge Company. An appeal was taken from this sentence, and this Court reversed the sentence imposed by Judge Memminger, and remanded the case to the Circuit Court for the resentencing of the defendant, in accordance with the provisions of section 105 of Criminal Code of 1912 of this State, 101 S. E. 657. His Honor, Judge Gary, in accordance with the mandate of this Court, resentenced the defendant to pay a fine of $3,000. From this sentence defendant appeals, and, by six exceptions made, imputes error on the part of his Honor. At the hearing, exceptions 5 and 6 were withdrawn and abandoned.

Exceptions 1, 2, 3, and 4 allege error on the part of his Honor in imposing a fine in excess of $500, on the ground that this is the maximum amount which is conformable to common usage and practice in the State, according to the nature of the offense committed by the defendant, and that the fine of $3,000 is excessive. The exceptions are overruled. It was a matter exclusively in the discretion of the Circuit Judge, and this Court will not interfere with sentences imposed by the Circuit Court, in such a case as this, unless it is made to appear that the fine imposed is such as to shock the conscience of this Court, or such as to virtually amount to a confiscation of property of the defendant. The sentence imposed by his Honor is not such a case, and we see no erroneous exercise of the discretion vested in the

Circuit Judge as to warrant us in interfering with the sentence imposed.

All exceptions are overruled, and judgment affirmed.

Messrs. Justices Hydrick and Fraser concur.

Mr. Chief Justice Gary and Mr. Justice Gage absent on account of sickness.